UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


LUIS A. COSSINO,
a.k.a. Luis Cossio,


v.                                                    Case No.:  8:09-cv-2540-T-24EAJ
                                                                 8:08-cr-26-T-24MSS

UNITED STATES OF AMERICA.

_____

**O R D E R**

This cause comes before the Court on remand from the Eleventh Circuit Court of

Appeals.  The appellate court remanded this case for consideration of the three issues that

Petitioner raised in his addendum to his motion to vacate, which the Court previously did not

address in its order denying the motion.  Having now considered those remaining three issues,

the Court concludes that Petitioner Luis A. Cossino's 28 U.S.C. § 2255 petition must be denied.

**I.      Background**

In January of 2008, a federal grand jury indicted Petitioner for conspiring to manufacture

100 or more marijuana plants, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(vii) (Count 1),

and manufacturing 100 or more marijuana plants, in violation of 21 U.S.C. § 841(a)(1) and

(b)(1)(B)(vii) and 18 U.S.C. § 2 (Count 2).  Petitioner filed a motion to suppress evidence seized

during the search of the marijuana grow house, and after an evidentiary hearing, this Court

denied his motion, ruling that he lacked standing to challenge the search.  Following a two-day

trial, a jury found Petitioner guilty on both counts.  The Court sentenced Petitioner to serve the

mandatory minimum sentence of 60 months' imprisonment.  (Cr. Dkt. 65.)

In his direct criminal appeal, Petitioner claimed that the Court had erred by denying his motion to suppress and that his counsel had been ineffective by failing to investigate whether the search warrant had been a forgery. (Cr. Dkt. 66.) The Eleventh Circuit Court of Appeals affirmed, holding that Petitioner lacked standing to challenge the search of the house, but declined to address Petitioner's ineffectiveness claim because the record was not sufficiently developed. *United States v. Cossio*, 336 F. App'x, 909, 912 (11th Cir. 2009); Cr. Dkt. 91.

On December 17, 2009, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Cr. Dkt. 98; Civ. Dkt. 1.) The only claims that Petitioner raised in the section 2255 motion related to his assertion that the search warrant had been a "forgery" and his trial counsel had been ineffective by failing to detect and investigate the alleged forgery.

On December 21, 2009, this Court ordered the United States to respond to the section 2255 motion. (Civ. Dkt. 5.) The Court allowed the United States until March 2, 2010, to file its response. (Civ. Dkt. 8.)

On February 4, 2010, before the United States responded to the section 2255 motion, Petitioner filed an "addendum" to his section 2255 motion "for insertion between Memorandum pages 18 and 19." (Civ. Dkt. 9.) This addendum added three new grounds for relief. In Ground Three, Petitioner alleged that his trial counsel had been ineffective by failing to object to the indictment as "duplicitous" and to request a separate jury charge as to aiding and abetting pursuant to 18 U.S.C. § 2. In Ground Four, Petitioner alleged that his appellate counsel had been ineffective by failing to raise the Ground Three issues on direct appeal, and by failing to challenge the district court's alleged failure to consider the 18 U.S.C. § 3553(a) factors when

2

imposing Petitioner's sentence or to provide reasons for the sentence imposed.  In Ground Five,
Petitioner argued that he should not have been convicted "as he was in Indictment Count two . . .
of both being the principle and the aider and abettor" and, therefore, his counsel had been
ineffective by not raising this issue on direct appeal.

On February 26, 2010, the United States responded to Petitioner's section 2255 motion.
(Civ. Dkt. 10.)  The United States argued that because no memorandum of law had been attached
to Petitioner's section 2255 motion, his forgery claims (Grounds One and Two) had not been
"fairly raised," but went on to explain why those claims lacked merit.  The United States's
response did not address the addendum claims.

On March 17, 2010, Petitioner filed a reply to the United States's response.  (Civ. Dkt.
11.)  Petitioner's reply focused only on the grounds for relief asserted in his section 2255
motion–his forgery claims.  In response to the United States's argument that he had submitted no
memorandum of law, Petitioner attached a memorandum dated December 9, 2009, which
likewise addressed only the grounds for relief raised in his section 2255 motion.

On May 12, 2010, the Court denied Petitioner's section 2255 motion.  (Civ. Dkt. 12.)  In
doing so, the Court did not mention Petitioner's addendum claims; instead, it addressed only the
two grounds for relief set forth in his section 2255 motion that had related to the alleged forgery
of the search warrant.

On May 24, 2010, Petitioner filed a notice of appeal.  (Civ. Dkt. 14.)  In his request for a
certificate of appealability ("COA") from the Eleventh Circuit, Petitioner again focused on his
forgery claims, and did not refer to his addendum claims.

On August 24, 2010, the Eleventh Circuit denied Petitioner's motion for a COA as to the

two forgery claims, finding that they lacked merit.  (Civ. Dkt. 15.)  The Eleventh Circuit, however, granted Petitioner's motion for a COA on the issue of whether Petitioner had sufficiently raised the addendum claims as part of his section 2255 proceedings, such that this Court's failure to address them amounted to an error under *Clisby v. Jones*, 960 F.2d 925, 938 (11th Cir. 1992) (en banc), and *Rhode v. United States*, 583 F.3d 1289, 1291 (11th Cir. 2009).

On March 21, 2011, the Eleventh Circuit ruled that this Court had failed to address all constitutional issues that Petitioner "sufficiently raised" in his section 2255 motion.  (Civ. Dkt. 17.)  The appellate court therefore vacated this Court's judgment without prejudice and remanded the case for consideration of the three issues that Petitioner raised in the addendum to his motion to vacate.

On remand, the Court directed the United States to file a response as to why the three grounds for relief stated in Petitioner's addendum to his motion to vacate should not be granted. (Civ. Dkt. 18.)  The United States filed its response on June 13, 2011.  (Civ. Dkt. 19.)  Petitioner timely submitted a reply to the United States's response on July 11, 2011.  (Civ. Dkt. 20.)

## II.     Discussion

In Grounds Three, Four, and Five of his section 2255 motion, Petitioner contends that his trial and appellate counsel provided him ineffective assistance.  Claims of ineffective assistance of counsel are cognizable under 28 U.S.C. § 2255.  *Lynn v. United States*, 365 F.3d 1225, 1234 n.17 (11th Cir. 2004).  Furthermore, such claims are not procedurally defaulted.  *Id.*

The Sixth Amendment gives criminal defendants the right to the effective assistance of counsel.  U.S. Const. Amend. VI.  To vacate a conviction and sentence for ineffective assistance of counsel, the petitioner must demonstrate that his counsel's assistance fell below an objective

standard of reasonable professional assistance, and that he was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 2065 (1984). To establish deficient performance, the petitioner must show that his counsel's performance was outside the wide range of professional assistance. *Chandler v. United States*, 218 F.3d 1305, 1313 n.12 (11th Cir. 2000) (en banc) (citations and quotations omitted). To establish prejudice, "[t]he [petitioner] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694, 104 S. Ct. at 2068.

The burden is on the petitioner to demonstrate that he was denied the effective assistance of counsel. *United States v. Cronic*, 466 U.S. 648, 658, 104 S. Ct. 2039, 2046 (1984). If the petitioner fails to establish either the performance or prejudice prong, the Court need not address the remaining prong. *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069.

### A.      Ground Three

In Ground Three, Petitioner alleges that his counsel was ineffective by failing to object to the indictment as "duplicitous." He contends that Count 1 "contains two distinct and separate offenses: 21 U.S.C. § 846, and 21 U.S.C. § 841(b)(1)(B)(viii)," and Count 2 "contains three separate offenses: 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(B)(vii), and 18 U.S.C. § 2." He also asserts that counsel should have requested a separate jury charge as to aiding and abetting pursuant to 18 U.S.C. § 2**.**

The indictment against Petitioner was not duplicitous. Count 1 charged Petitioner with only one crime–conspiring to manufacture 100 or more marijuana plants. Section 846 addresses

the crime of conspiracy, and section 841 addresses the substantive offense that was the object of the conspiracy. "Conspiring to commit a crime is an offense separate and distinct from the crime which may be the object of the conspiracy." *United States v. Nims*, 524 F.2d 123, 126-27 (5th Cir. 1975); *see also United States v. Ramos*, 666 F.2d 469, 474 (11th Cir. 1982) (ruling that the suggestion of duplicity was "totally without merit," where the "indictment properly charged a single illicit agreement" to possess and distribute methaqualone).

Count 2 also charged Petitioner with only one crime–manufacturing 100 or more marijuana plants. The inclusion of 18 U.S.C. § 2 in that count does not make the indictment duplicitous. "A count alleging a substantive violation . . . and also alleging a violation of § 2 –aiding and abetting– [does] not . . . offend any rule against duplicitous charges." *Nims*, 524 F.2d at 127.

Furthermore, despite Petitioner's claim to the contrary, the record reflects that the Court properly instructed the jury on aiding and abetting. (Cr. Dkt. 59 at 13.) The Court's instruction was identical to Special Instruction 7 of the Eleventh Circuit Pattern Jury Instructions (2003), entitled "Aiding and Abetting (Agency) 18 U.S.C. § 2."

**B.    Ground Four**

In Ground Four, Petitioner alleges that his appellate counsel was ineffective by failing to raise the Ground Three issues on direct appeal and not challenging this Court's alleged failure to consider the 18 U.S.C. § 3553(a) factors or to provide reasons for Petitioner's sentence. Failing to raise the Ground Three issues on appeal does not result in counsel being ineffective because, as set forth above, those claims lack merit.

Petitioner's claim that the Court failed to consider the section 3553(a) factors and failed

to give reasons for its sentence is also without merit.  "The district court need not state on the record that it has explicitly considered each factor and need not discuss each factor.  Rather, an acknowledgment by the district court that it has considered the defendant's arguments and the § 3553(a) factors will suffice."  *United States v. Bohannon*, 476 F.3d 1246, 1248 (11th Cir. 2007) (citations omitted).  At sentencing, the Court explained that it was imposing its sentence after "having considered Title 18, United States Code, Section 3553," but observed that it had to impose the 60-month mandatory minimum sentence.  Cr. Dkt. 85 at 23-24; *see also* 21 U.S.C. § 841(b)(1)(B).

### C.     Ground Five

In Ground Five, Petitioner claims that he could not have been convicted "as he was in Indictment Count two . . . of both being the principle and the aider and abettor" and, therefore, his counsel had been ineffective for not raising this issue on direct appeal.  This argument lacks merit.  The evidence showed that Petitioner was the manager of the marijuana grow operation. Cr. Dkt. 83 at 255-60; Cr. Dkt. 84 at 23-24; *see also United States v. Cossio*, 336 F. App'x 909, 912 (11th Cir. 2009) (describing conspirator's testimony "that Cossio instructed him how to care for the marijuana plants; delivered food three or four times to the house; and took some small marijuana plants four days before the search and seizure").  Given the evidence at trial, the jury charge for aiding and abetting was appropriate.  *See United States v. Megna*, 450 F.2d 511, 512 (5th Cir. 1971) (noting that the law is "well settled" that 18 U.S.C. § 2 "makes punishable as a principal one who aids or abets the commission of a crime" and noting that "[o]ne indicted as a principal may be convicted on proof beyond a reasonable doubt that he aided and abetted").  Therefore, Petitioner has failed to demonstrate that his counsel was ineffective for not raising

this claim.

### D.      Statement on Need for Evidentiary Hearing

A petitioner is entitled to an evidentiary hearing only if his allegations, if proved, would establish his right to collateral relief. *Townsend v. Sain*, 372 U.S. 293, 307, 83 S. Ct. 745, 9 L. Ed. 2d 770 (1963). The burden is on the petitioner to establish the need for an evidentiary hearing. *Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984) (en banc). Here, Petitioner has not established any basis for an evidentiary hearing because Ground Three, Four, and Five of his section 2255 motion lack merit.

## III.    Conclusion

The Court concludes that Grounds Three, Four, and Five of Petitioner's section 2255 motion are without merit, and therefore, the motion must be **DENIED**. The Clerk is directed to enter judgment against Petitioner in the civil case and to close the civil case.

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ··· only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*,

537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)).

Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not

entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Tampa, Florida, this 5th day of August, 2011.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Petitioner

9